McKinney, J.,
delivered the opinion of the Court.
This suit commenced before a justice of the peace of Rhea county. The warrant is in Trespass, for cutting timber on a certain tract of land claimed by the plaintiff, and also for the rent of said land for the year 1852, and was issued on the 19th of September, 1853. Judgment was rendered against the defendant for $25.00, and he appealed to the Circuit Court. On the trial in Court, verdict and judgment were for the defendant, and the plaintiff has brought the case to this Court by an appeal in error. The errors assigned are in the supposed erroneous instructions of the Court to the jury.
The plaintiff produced no title to the land, but offered in evidence, and relied upon the record of a recovery in an action for forcible entry and detainer, as conclusive evidence of his right to maintain the *117 present suit. The suit for forcible entry and detainer was commenced by Casey against McFalls and three others, before certain justices of the peace, on the 20th of January, 1853. The justices rendered judgment in favor of the plaintiff, that he be restored to the possession of the land described in the warrant, and that a writ of possession issue. Under this process the plaintiff, Casey, was put into possession of said land by the sheriff, on the 5th of September, 1853; and thereupon he commenced the present suit.
The Court instructed the jury, in substance, that the record of the judgment in the case for forcible entry and detainer would only be conclusive evidence of the plaintiff’s right to recover, for the use and occupation of the land, from the date of the warrant in that case, that is, from the 20th of January, 1853, up to the time he was restored to the possession. But that as the plaintiff had brought this suit to recover for rents and profits antecedent to the date of the warrant, namely, for the year 1852, it was necessary, in order to maintain the action, that be should show title to the land, and the defendant’s possession; or that he was in actual possession of the land, and that the defendant had entered upon and ousted him of the possession.
The error in this instruction is certainly not to the prejudice of the plaintiff.
The judgment in an action of forcible entry and detainer cannot have the effect of a judgment in an action of ejectment. In the latter action, the title is directly in issue, and the plaintiff recovers only by force of his superior title. The fact of the defendant’s *118 possession at the time of the institution of the suit, is also directly in issue. But in the former action, the title cannot he enquired into; nothing is involved in the issue but the facts in respect to the possession. And the action may be maintained by one having no color of title, against the person having a perfect legal title.
It may, therefore, consistently with sound principle, be held, — and such is the settled law, that in an action to recover rents and profits, consequent upon a recovery in ejectment, — between the same parties to the prior ejectment, — the record of recovery in ejectment, is conclusive of the plaintiff’s title, and of the defendant’s entry and possession, from the day of the demise laid in the declaration. But the judgment in ejectment is conclusive no further. And, therefore, if the plaintiff seeks to recover for rents and profits antecedent to the demise laid in the declaration in ejectment, he must prove his title as in other cases, and the defendant will not be estopped to gainsay it. Adams on Eject, ch. 13. 2 Greenleaf’s Ev. Sec. 333. But this principle cannot be applied to a judgment in an action for forcible entry and detainer. The action for mesne profits is an equitable action, and admits of an equitable defence. 2 Johns. Cases, 438. It assumes that the plaintiff has title to the land, and that he has been wrongfully deprived of possession and the rents and profits thereof. It would seem absurd, therefore, to hold the party estopped, in such action, by the record of recovery in a form of action which, from its very nature, excluded all inquiry in respect to, the title, as well as in respect to the right *119 to receive the rents and profits. If such a principle were established, a mere naked trespasser, who had been forcibly ousted by the rightful owner, might, upon being restored to the possession, recover rents and profits against such rightful owner. This would be subversive of all sound principle, and wholly inconsistent with the object and policy of the statute, giving the remedy of forcible entry and detainer. This remedy was given merely to preserve the peace of society. — To prevent individuals from redressing their wrongs by violence. It looks only to the fact of possession, without reference to the question of title, or right of possession, in the legal sense. It simply restores (the party, forcibly ejected, back to the naked possession, leaving open to inquiry, in the proper mode, all questions touching the title, and right of possession, and rents and profits.
It follows, therefore, that, in the case under consideration, the judgment in the case of forcible entry and detainer would not have been evidence of the plaintiff’s right to recover even in a suit for rents and profits after the date of the warrant; much less would it be so in a suit for rents and profits antecedent to that time.
The error of the charge is in the plaintiff’s favor, and he cannot complain of it.
Judgment affirmed.