[No. 1966.  Decided February 19, 1896.]

*In the Matter of the Assignment of C. P. Roberts & Co.:*
MARY A. ROBERTS, *Appellant,* v. R. L. SABIN *et al.,*
*Respondents.*

EQUITABLE ACTION — TRIAL BY JURY — SUFFICIENCY OF VERDICT.

Where an equity case is tried before a jury, and its verdict is a
determination of the entire issue, judgment should be rendered in
accordance therewith, when no findings of fact have been made by
the court and when the verdict has not been set aside as contrary
to the evidence.

Appeal from Superior Court, Whatcom County.—
Hon. JOHN R. WINN, Judge.  Reversed.

*Black & Leaming,* for appellant.

*Kerr & McCord,* for respondent Sabin.

The opinion of the court was delivered by

GORDON, J.—On the 2d day of February, 1893, the
trading firm of C. P. Roberts & Co. of the County of
Whatcom in this state executed and delivered to the
appellant Mary A. Roberts a promissory note in the

sum of $6,999.81, payable one day after date, and at the same time to secure payment of said note made and executed a chattel mortgage upon its stock, which mortgage was duly recorded in the office of the auditor of said county on the 3d day of February, 1893. On the 8th day of February, 1893, said firm made and executed a general assignment of all of its property in trust for the benefit of its creditors. The assignee having qualified and gone into possession of the property of the insolvents, including the property so mortgaged as aforesaid, the appellant on the 9th day of May, 1893, presented to said assignee a verified claim which set out a copy of the note and mortgage, and also showed that the mortgagee was in possession of the property mortgaged at the date of the assignment. Coupled with said claim was a demand for the payment thereof as a preferred claim. To the allowance of this claim certain creditors of the assignors filed objections, alleging among other things that the mortgage was " executed without consideration, and for the sole purpose of hindering, delaying and defrauding the " creditors of said C. P. Roberts & Company. The objections of the various creditors were, by consent of the parties, consolidated by an order of the lower court and directed to be tried as one action.

This appeal is from a judgment in favor of appellant's establishing her claim as a general claim, and entitling her to share *pro rata* with the general creditors of the estate, but denying her claim to any preference in the distribution of the assets of said estate by reason of said mortgage. The following is the judgment appealed from :

### JUDGMENT.

" The above entitled action having come on for trial before the above entitled court in the presence of all the parties in interest therein; and the evidence in said action having been received, and the arguments of the respective counsel heard, and the jury charged by the court; and said jury having retired and returned into court and rendered and filed their verdict as follows :

" We, the jury, duly empanelled and sworn in the above entitled action, do find for the above named plaintiff, Mary A. Roberts, and against the objectors to the allowance of her claim by the above named defendants.                    C. A. BEAVERS, *Foreman.*

"And a motion having been made on the part of the defendants for a new trial in said action, and the said motion having been heard and considered by this court; and this court having overruled the same; and a motion having been made in said action for a judgment therein, in conformity to the verdict therein rendered.

" Now, therefore, it is ordered and adjudged that the claim of the said Mary A. Roberts heretofore filed with the assignee, in the assignment aforesaid, be, and the same is hereby sustained, to the extent of establishing the same as a general claim against the said estate, entitled to share *pro rata* with the general creditors of the estate, but that the said claimant is not entitled, by reason of her alleged mortgage, to any preference in the distribution of the assets of the said estate.

" That the said Mary A. Roberts is entitled to her costs, taxed at $42.22.

" To all of which contestants and defendants except, and exceptions are allowed.    JNO. R. WINN, *Judge.*"

On behalf of respondents it is contended that the proceedings were upon the equity side of the court, and that the parties were not entitled to a jury as a

matter of right, that the verdict was only advisory, and that it was competent for the court to disregard it entirely, and "enter up a judgment in accordance with the law and the evidence." In support of this contention, counsel cites numerous authorities, which we have examined, but we do not think that the judgment appealed from can be sustained upon the authority of any of the cases so cited. In *Stockman v. Riverside Land and Irrigation Company*, 64 Cal 57 (28 Pac. 116), the court say :

"The verdict of a jury in an equity case is merely advisory to the court, and, *where the findings of the court are contrary thereto,* and there is a conflict of evidence, the appellate court will not weigh the evidence to determine whether it preponderates *in favor of the findings of the court or those of the jury.*"

It appears from the record that no findings of fact were made by the court in this case, nor does it in any wise appear that the lower court considered that the verdict was contrary to the evidence, or that the court entertained a different view of the evidence or of the law than that adopted by the jury. The creditors were assailing plaintiff's mortgage on the ground of fraud, etc., and that issue was passed upon by the jury. Their verdict was the determination of the entire issue against the contention of the respondents, and in favor of the claim of the appellant, and a decree should have been entered in accordance therewith, unless the court in the exercise of sound discretion, satisfied that the verdict was contrary to the weight of evidence and against the right, had directed that it be set aside, and proceeded to make findings of its own responsive to the issue. Such, however, was not the procedure adopted below. On the contrary the verdict was received and entered and the respondents' motion

for a new trial was overruled, and no reason is suggested by the record why appellant should not have judgment in accordance with the verdict. The judgment appealed from will be reversed and the cause remanded with directions to the lower court to proceed to enter a new judgment allowing appellant's claim as a preferred claim to the amount of the value of the property so mortgaged.

HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.