## HARRY WILLIAMS v. THE STATE.

### No. 1207.  Decided March 3rd, 1897.

**1. Jurisdiction—Transfer of Cases From District to County Court.**

Where an indictment has been returned into open court by the grand jury, it makes no difference whether or not the District Court had adjourned when the order for and transfer of the cause to the County Court were made.

**2. Local Option—Indictment—Sufficiency of.**

An indictment for a violation of local option in so far as it relates to the adoption of the law is sufficient when it alleges that the election had been held in that subdivision of the county; that the Commissioners' Court of said county had passed an order to that effect; that said order had been published as required by law; and that said order was in full force and effect (which last is unnecessary).

**3. Same—Negativing Exceptions as to Sacramental Wines and Medicines.**

An indictment for a violation of local option is not invalid because it fails to negative the fact that the liquor was sold for sacramental purposes or for medicinal purposes upon the prescription of a physician. These exceptions to the local option law are in a distinct article from the ones defining the offense, and are not in any manner engrafted upon the enacting clause of said articles and are not so interwoven with the enacting clause as to require that they should be negatived in charging the offense.

**4. Same—Charge of Court.**

Where there is no conflict in the evidence as to the validity of a local option election, it is not error for the court to charge that local option was in force in the subdivision of the county in which said election was held.

APPEAL from the County Court of Collin. Tried below before Hon. M. G. ABERNATHY, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and 20 days' imprisonment in the county jail.

The indictment was filed in open court in the District Court on the 4th day of April, 1896. The certificate of the District Clerk, in transferring the cause to the County Court, recited as follows: "At a term of the District Court begun and holden within and for the county of Collin, at McKinney, on the 16th day of March, 1896, and which adjourned on the .... day of ..........., 189.., the Hon. J. E. Dillard, judge thereof, presiding, the following proceedings were had in the cause of the State of Texas v. Harry Williams and numbered 4811, to-wit: On this 4 day of April, 1896, came into open court in a body, the grand jury, a quorum thereof being present, and through their foreman delivered to the judge of this court the following indictment, to-wit: The State of Texas v. Harry Williams, File No. 4811, which was thereupon ordered by the court to be filed.

"ORDER OF TRANSFER.

"THE STATE OF TEXAS ⎫
           v.                    ⎬ No. 4811.
   HARRY WILLIAMS. ⎭

"Whereas, this 6 day of April, 1896, it appearing to the court from the inspection of the indictment that this court has not jurisdiction of this case, the same being a misdemeanor, and that the County Court of Collin County, Texas, has jurisdiction of the same, it is ordered that the said case be and the same is transferred to said County Court of said county."

Defendant pleaded to the jurisdiction of the court and also a motion to quash the indictment as follows:

(a) The County Court had no jurisdiction of the pretended offense charged and the pretended indictment was a nullity in this, it appeared to have been the act of the grand jury and presented to the District Court of Collin County, and there was no legal order entered on the minutes of the District Court transferring said indictment to the County Court of Collin County.

(b) It does not appear from the transcript of transfer from the District Court to the County Court of Collin County, when said District Court adjourned, to which District Court said pretended indictment was presented, and it does not appear that said term of said District Court has ever adjourned, on the contrary it does appear that said court adjourned at an impossible date and the pretended order of transfer to the County Court is not shown to be a final order.

(c) The indictment is a nullity because it does not appear that provisions of Art. 434, Code Crim. Proc. (1895), has been complied with in this, it does not appear that the fact of the presentment of said pretended indictment in open court by the grand jury, if said bill was ever so pre-

sented, was entered upon the minutes of the proceedings of the District Court of Collin County noting the style of the criminal action, the file number of the indictment, nor the name of the defendant.

The motion to quash was as follows:

(a)   Said pretended indictment charges no offense known to the laws of the State of Texas.

(b)   The same is too vague, uncertain and indefinite to require defendant to plead thereto, and does not state facts, but charges merely conclusions.

(c)   Said indictment does not allege · that a special election had been held for the purpose of determining whether or not the sale of intoxicating liquor should be prohibited in said district, nor did it charge that the sale of intoxicating liquors had been prohibited in said district by the result of a special election held within said territory for the purpose of determining whether or not the sale of intoxicating liquors therein should be prohibited.

(d)   Because said indictment does not allege that said prohibitory law was in full force and effect at the time of the alleged sale.

(e)   Said indictment does not charge any offense in this, it does not allege that said sale was not a sale of wine for sacramental purposes nor a sale of alcoholic stimulants as medicine in case of actual sickness, nor that such sale was not made upon a written prescription of a regular practicing physician, certified to as required by law, in a case of actual sickness.

(f)   Because said indictment does not allege a valid order of the Commissioners' Court putting said law into effect.

(g)   Said indictment does not allege that said order was ever published in a newspaper selected by the County Judge of Collin County for that purpose.

(h)   Because it does not appear that said pretended indictment was presented by a grand jury organized and empaneled in Collin County, nor by a District Court in Collin County, nor that the same was ever presented to the District Court in Collin County.

*J. M. Pearson, Smith, Evans & Terrell,* and *Garnett, Jones & Merrit,* for appellant.—As to the necessity that the indictment should have negatived the statutory exceptions as to sales for sacramental and medicinal purposes, cited State v. Duke, 42 Texas, 455; State v. Clayton, 43 Texas, 410; Colchell v. State, 23 Tex. Crim. App., 584; Moseley v. State, 18 Tex. Crim. App., 312; Lewis v. State, 2 Tex. Crim. App., 29; Williams v. State, 12 Tex. Crim. App., 395; U. S. v. Cook, 17 Wall., 168; State v. Abbey, 29 Vt., 60; s. c. 67 Amer. Decs., 754; Black on Intoxicating Liquors, § 444.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—Conviction for violating local option law. The indictment was presented in the District Court, and transferred to the County Court of Collin County. Appellant pleaded to the jurisdiction of the County Court, because the order transferring the case was not a legal order. It makes no difference whether or not the District Court had adjourned when the order for and the transfer were made. The record shows that the indictment was returned into open court by the grand jury. In the plea to the jurisdiction are improperly embraced (but we will consider the same) grounds in support of a motion to quash the indictment, because it does not charge an offense; that it is vague, indefinite, and uncertain; does not state facts, but merely charges conclusions; does not allege that the election has been held for the purpose of determining whether or not the sale of intoxicating liquors should be prohibited in said district; does not charge that the sale had been prohibited by the proper order; does not allege that the local option law was in full force and effect at the time of the sale; does not negative that the sale was of wine for sacramental purposes, or that the liquor was for medicine in case of actual sickness. We have carefully examined this indictment, and find it to be correct. It alleges that the election had been held in that subdivision of the county, that the Commissioners' Court of said county had passed an order to that effect, and that said order had been published as required by law, and that said order was in full force and effect (which is not necessary). Must the indictment negative the fact that the liquor was sold for sacramental purposes, or for medicinal purposes, under the prescription of a physician? The act defining the offense is contained in Art. 402, Penal Code 1895, and Art. 3384, Rev. Stat., 1895. These articles do not refer "to the sale of wine for sacramental purposes, nor of alcoholic stimulants as medicine in case of actual sickness," etc. These exceptions are not found in the articles defining the offense, but in a separate and distinct article, to-wit: Art. 403, Penal Code 1895. Under a well-settled rule, all of the elements entering into the offense must be alleged in the indictment. The legislature cannot relieve the State of the necessity of so framing the indictment as to charge the accused with all the acts and intents which constitute the offense. The question, therefore, arises whether this indictment charges the accused with an offense. It evidently does. It is contended by counsel, however, that though the exceptions may not occur in the same clause or article, yet, if they are so interwoven or ingrafted upon the act which defines the offense, they must be negatived. We do not question the correctness of this proposition in a proper case. An act may be so framed, when taken all together, as to require exceptions to be negatived, though they may not be found in what is termed the enacting clause. This, however, is a rare case. The statute in reference to this offense is perfectly clear. The exceptions are not ingrafted in any way upon the enacting clause. The enacting clause is full and complete without the exceptions; can be read and understood without the exceptions; and no doubt the exceptions were placed in a

37th Tex. Crim. Rep.—16.

separate article, in order to relieve the State of doing just what appellant contends should have been done, to-wit: negativing the exceptions. See this subject discussed in Rice v. State, ante p. 36. Over the objection of the appellant, the State introduced the order for the election. The order for the election was in proper form. The election was to determine whether or not the sale of intoxicating liquors should be prohibited in said subdivision, in accordance with the law. The notices were properly published. Other objections were made to the order, but they have been passed upon by this court, and held not well taken. The State introduced in evidence the order of the Commissioners' Court of Collin County declaring the result of the election, and prohibiting the sale of intoxicating liquors, etc. Divers objections were interposed to the admission of this order. We have examined all of them, and consider none of them well taken. Most, if not all, of them have been heretofore passed upon by this court in other cases. There was no error in charging the jury that local option was in force in said subdivision. There was no act which was necessary to be done in order to a valid election in regard to which there was a conflict in the evidence. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for a rehearing, filed the 8th of March, 1897, was overruled without a written opinion.—Reporter].