[No. 3646.    Decided December 14, 1900.]

THE STATE OF WASHINGTON, *Respondent*, v. A. E. LEVAN, *Appellant*.

23    547<br>f25    294

ASSAULT WITH INTENT TO KILL—SUFFICIENCY OF INFORMATION.

An information which charges that defendant "wilfully, unlawfully, purposely and feloniously, and of his deliberate and premeditated malice, with intent to kill and murder" another, " an assault did make in and upon the person of" the other, "with a deadly weapon," without alleging a present ability to carry into execution the attempt, as in a simple assault, sufficiently charges the crime of assault with intent to commit murder, since § 6848 Bal. Code, provides that words used in an informa-

tion must be construed according to their legal meaning, when they are defined by law, and § 7055, Id., defines "assault" as "an attempt in a rude, insolent and angry manner, unlawfully to touch. strike, beat or wound another person, coupled with a present ability to carry such attempt into execution."

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Davis & Gilmore,* for appellant.

*James F. McElroy, G. Meade Emory* and *William C. Keith,* for the State.

The opinion of the court was delivered by

WHITE, J.—There is but one question to be determined by this court: Is the information sufficient? This question was raised by demurrer, motion for new trial, motion to arrest judgment, and objection to judgment and sentence. The information, omitting the formal parts, reads as follows:

"He, the said A. E. Levan, in the county of King, state of Washington, on the 12th day of November, A. D. 1899, wilfully, unlawfully, purposely, and feloniously, and of his deliberate and premeditated malice, with intent to kill and murder one C. W. Waxhan, an assault did make in and upon the person of the said C. W. Waxhan with a deadly weapon, to-wit, a rifle loaded with powder and ball, and then and there held in the hand of the said A. E. Levan, and which he, the said A. E. Levan, aimed at the person of the said C. W. Waxhan, and fired therefrom a ball at the person of the said C. W. Waxhan, with the intent to kill and murder the said C. W. Waxhan, no considerable provocation appearing therefor."

The appellant contends that the information does not properly charge an assault, for one of the essential elements of that crime is "a present ability to carry such attempt into execution." He says that phrase, being a

part of the statutory definition of the crime, and being an essential element thereof, must be proven, and, if it is necessary to prove the defendant's present ability to carry his threat into execution, it is then necessary to allege such ability.

The rules by which the sufficiency of pleadings in criminal actions shall be determined are those prescribed in §§ 6839 to 6861, inclusive, Bal. Code. See § 6800, Id.

"Words used in an indictment or information must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." § 6848, Bal. Code.

"The indictment or information must contain, (1) the title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties; (2) a statement of the acts constituting the offense, *in ordinary and concise language,* without repetition, in such a manner as to enable a person of common understanding to know what is intended." § 6840, Bal. Code.

"The indictment or information is sufficient if it can be understood therefrom:

"1.   That it is entitled in a court having authority to receive;

"2.   That it was found by a grand jury of the county in which the court was held;

"3.   That the defendant is named, or if his name cannot be discovered, that he is described by a fictitious name, with the statement that his real name is to the jury unknown;

"4.   That the crime was committed within the jurisdiction of the court, except where, as provided by law, the act, though done without the county in which the court is held, is triable therein;

"5.   That the crime was committed at some time previous to the finding of the indictment, or filing of the in-

formation, and within the time limited by law for the commencement of an action therefor;

"6. That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended;

"7. That the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case." § 6850, Bal. Code.

"An assault is an attempt in a rude, insolent and angry manner unlawfully to touch, strike, beat or wound another person, coupled with a present ability to carry such attempt into execution." § 7055, Bal. Code.

The test of the sufficiency of the pleading is to be found in the sections of the law cited. The term "assault" has a well-defined legal meaning, and when used, under § 6848, Bal. Code, is to be construed according to that meaning. The statute under which the state proceeded in the case at bar is found at § 7057, Bal. Code, and is as follows:

"An assault with intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or grand larceny shall subject the offender to imprisonment in the penitentiary for a term of not less than one year nor more than fourteen years."

The words "an assault did make," as used in this information, are equivalent to saying that Levan did attempt in a rude, insolent, and angry manner unlawfully to touch, strike, beat, and wound Waxhan, coupled with a present ability to carry such attempt into execution, for this is what is embraced within the legal meaning of the term "assault," and when that term is used in charging a distinct, substantive, and statutory crime, as the one charged in this information, it enables a person of com-

mon understanding to know what is intended. The crime charged in this information is a distinct, substantive, and statutory crime, and it is sufficient if the offense is charged substantially in the words defining it; and when so charged, and the term "assault" is used in the charging part, the accused is informed that he will have to defend himself against the simple assault, as well as the greater one of an assault with intent to murder. The lesser offense is necessarily included in the greater. The doing of the acts charged, under the authority of *State v. Ackles,* 8 Wash. 462 (36 Pac. 597), would have constituted murder, either in the first or second degree, if death had resulted therefrom. From this it would seem that ability to carry such attempt into execution is to be presumed from the use of the term "assault." In that case the information charged that the accused "did," etc., "unlawfully, purposely, and of premeditated malice, and with intent to murder, assault," etc. The court says:

"He might have been convicted upon this information of an assault with intent to commit murder, or of simple assault, or of assault and battery, for those offenses were sufficiently charged under the provisions of the statute."

It is true that the information in that case charged a consummated battery, and from that ability to carry the attempt into execution could be inferred. But we think, in charging the commission of a substantive statutory crime, as assault to commit murder, rape, or robbery, etc., it is only necessary to charge the offense in the language of the statute creating the offense. Says the supreme court of Iowa, in *State v. Seamons,* 1 G. Greene, 418:

"But this is a statutory proceeding, in which the indictment follows with substantial accuracy the language of the act upon which it is framed. When an indictment is thus drawn, employing the very words of the law which defines

the offense, its sufficiency can not well be questioned."
*State v. Tidwell,* 43 Ark. 71.

The nature of the assault and the ability to commit it
are matters of evidence. When the accused is informed,
as he was by this indictment, that he had assaulted Wax-
han with intent to murder him, the crime was clearly and
distinctly charged against him, in ordinary and concise
language, in such a manner as to enable a person of com-
mon understanding to know what was intended. *State v.
Wright,* 9 Wash. 96 (37 Pac. 313).

The judgment of the court below is therefore affirmed.

DUNBAR, C. J., and REAVIS and FULLERTON, JJ., con-
cur.