[No. 3854.   Decided June 18, 1901.]

THE STATE OF WASHINGTON, *Respondent,* v. FLOYD DUN-
LAP, *Appellant.*

ASSAULT WITH INTENT TO RAPE — INFORMATION — ALLEGATION OF
PRESENT ABILITY.

An information charging defendant with the crime of assault
with intent to commit rape upon another is not insufficient by
reason of failure to allege defendant's present ability to carry
his intent into execution.

SAME — SUFFICIENCY OF SENTENCE INFLICTING PORTION OF PENALTY
IMPOSED.

Where the statute provides that a person convicted of as-
sault "shall be fined in any sum not exceeding $500, to which
may be added imprisonment in the county jail not exceeding six
months," the action of the court in sentencing a person convicted
of assault to imprisonment for five months, without first imposing
a penalty by fine, is not erroneous, as being beyond the juris-
diction of the court to inflict.

Appeal from Superior Court, Pierce County.—Hon.
THOMAS CARROLL, Judge.   Affirmed.

*Hugh Farley* and *A. A. Knight,* for appellant.

*Fremont Campbell,* Prosecuting Attorney, and *Walter
M. Harvey,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—An information was filed against the de-
fendant, charging him with the crime of assault with
attempt to commit rape, the charging part of which is as
follows:

"That the said Floyd Dunlap, in the county of Pierce, in
the state of Washington, then and there being, unlawfully,
violently and forcibly in and upon one Mabel Stevens, a
female person under the age of 18 years, to-wit: of the age
of 9 years, did make an assault, with intent then and there

unlawfully and feloniously to ravish and carnally know the said Mabel Stevens, contrary," etc.

A demurrer was interposed to the information, to the effect that the facts charged did not constitute a crime. The demurrer was overruled and a trial had, which resulted in the following verdict by the jury:

"We, the jury in the case of the State of Washington, plaintiff, v. Floyd Dunlap, defendant, find the defendant guilty of assault."

A motion in arrest of judgment was made on the grounds (1) that the facts stated in the information did not constitute the crime or misdemeanor for which a verdict of guilty was brought in by the jury; (2) that there was no information upon which to base a verdict of guilty of assault; (3) that the defendant had been found guilty of an offense with which he had never been charged; and (4) that the defendant had been found not guilty of the offense charged. The motion was overruled and the following judgment was pronounced:

"Ordered, adjudged, and decreed that the said defendant, Floyd Dunlap is guilty of the crime of assault, and that he be punished therefor by confinement in the county jail for the term of five months."

Two points are discussed by the appellant: First, that the court should have granted the defendant's motion in arrest of judgment, and discharged the defendant; second, that the sentence is void, as beyond the jurisdiction of the court to inflict. It will be observed that the first point embraces, also, the question raised by the demurrer. Appellant's objection to the information is that is does not appear therefrom that the defendant had the ability to carry the attempt into execution, and it is claimed that the ability to carry the attempt into execution is the condition which makes the attempt punishable as an assault. This question

was inferentially decided against the contention of the defendant in *State v. Ackles,* 8 Wash. 462 (36 Pac. 597), and directly by this court in *State v. Levan,* 23 Wash. 547 (63 Pac. 202), where it was held that an indictment for assault with intent to commit murder which charged the defendant in the following words: "An assault did make in and upon the person of the said," etc., was not insufficient for failure to charge defendant's present ability to carry his intent into execution; and where the court in its opinion said: "It would seem that ability to carry such attempt into execution is to be presumed from the use of the term 'assault.'"

On the second proposition it is claimed that, inasmuch as the statute provides that the person convicted of assault "shall be fined in any sum not exceeding $500, to which may be added imprisonment in the county jail not exceeding six months," the court was not warranted in imposing the penalty of imprisonment without first exhausting the fine provided by the statute. No objection was made to the penalty at the time it was imposed, the trial court's attention was not called to the alleged invalidity of the judgment, and it was not given an opportunity to correct its judgment, if it needed correction. But, in addition to this, the court did not exceed the limit of punishment prescribed by the statute and therefore did not exceed its jurisdiction in pronouncing judgment. The defendant is not in a position to complain because the court did not impose as heavy a penalty as it might have imposed under the statute.

The information being sufficient and the judgment being authorized by law, the same is affirmed.

REAVIS, C. J., and FULLERTON, MOUNT, WHITE and HADLEY, JJ., concur.