[No. 6120. Decided July 18, 1906.]

# THE STATE OF WASHINGTON, *Appellant,* v. W. H. DAVIS, *Respondent.*[1]

MASTER AND SERVANT — EIGHT HOUR LAW.—STATUTES — REPEAL. Laws 1899, p. 163, providing for an eight-hour day on public work, and making it a misdemeanor for a contractor to employ laborers thereon for longer than eight hours a day, except in cases of emergency, is not impliedly repealed by Laws 1905, p. 51, on the same subject, prescribing an eight-hour day on public work, except in case of emergency, under penalty of forfeiture of the contract, and defining the term of emergency; since the two acts may stand together.

SAME—CRIMINAL LAW—COMPLAINT. A complaint in a criminal prosecution for violation of the eight-hour law, is sufficient where a person of common understanding can readily see that the defendant had a public contract with a county for the construction of a bridge, and employed men to work thereon more than eight hours per day.

SAME—INFORMATION—STATUTES—PLEADING—EXCEPTIONS. A complaint for the violation of the eight-hour day law on public work, except in case of emergency, need not negative the exception as to such emergency, as that is matter of defense when the same is not in the enacting clause of the act.

CRIMINAL LAW—JUSTICE OF THE PEACE—JURISDICTION—MASTER AND SERVANT—HOURS OF LABOR. Under Laws 1901, p. 34 (3 Bal. Code, § 4683), limiting fines by a justice of the peace to $100, and conferring upon justices jurisdiction of all misdemeanors, a justice has jurisdiction of the misdemeanor of violating the eight-hour day law, punishable by a fine of from $25 to $200, where the fine imposed did not exceed $100.

RUDKIN and FULLERTON, JJ., dissenting.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered January 18, 1906, in favor of the defendant, on appeal from a conviction before a justice of the peace, dismissing a prosecution for the violation of the eight-hour law, upon sustaining a demurrer to the information. Reversed.

1Reported in 86 Pac. 201.

*Horatio Alling, P. M. Troy, The Attorney General,* and *A. J. Falknor, Assistant,* for appellant.

*J. W. Robinson,* for respondent.

CROW, J.—The respondent, W. H. Davis, was tried before a justice of the peace in Thurston county, adjudged guilty, and fined $25 and costs, on a complaint which, omitting venue and jurat, reads as follows:

"Charles F. Hubbard, being first duly sworn, on oath says that at Little Rock, in said Thurston county, on or about the first day of November, 1905, W. H. Davis did commit the crime of employing laborers on a public contract with the county of Thurston, and causing them to work to exceed 8 hours per day as follows: The said W. H. Davis then and there having a contract to build a bridge over Black river, at Little Rock, Thurston county, Washington, did employ divers and different persons to perform labor for him on said bridge and on said contract, and on or about the 1st day of November, 1905, caused and required the said laborers to work more than 8 hours per day all of which is contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

From the judgment respondent appealed to the superior court of Thurston county and there interposed a demurrer to said complaint, which was sustained, the order reciting that said demurrer was sustained "for the reason that the act of the legislature of 1903, Session Laws 1903, page 51, repeals by implication the act of the legislature approved March 13, 1899, and found in Session Laws of 1899, at page 163." Appellant, by its prosecuting attorney, excepted to said order, and declined to amend; whereupon respondent was discharged and the state now appeals.

The appellant, having assigned error on the order sustaining the demurrer, insists that said complaint is good, while respondent insists (1) that the act of 1899 (Laws 1899, p. 163), is repealed by implication by the act of 1903 (Laws 1903, p. 51); (2) that said complaint fails to state any

offense; (3) that the justice of the peace had no jurisdiction to try respondent. The act which respondent claims has been repealed by implication, being chapter 101, Laws 1899, reads as follows:

"Section 1. Hereafter eight hours in any calendar day shall constitute a day's work on any work done for the state or any county or municipality within the state, subject to conditions hereinafter provided.

"Sec. 2. All work done by contract or sub-contract on any building or improvements or works on roads, bridges, streets, alleys or buildings for the state or any county or municipality within the state, shall be done under the provisions of this act: *Provided,* That in cases of extraordinary emergency such as danger to life or property, the hours for work may be extended, but in such case the rate of pay for time employed in excess of eight hours of each calendar day, shall be one and one-half times the rate of pay allowed for the same amount of time during eight hours' service. And for this purpose this act is made a part of all contracts, sub-contracts or agreements for work done for the state or any county or municipality within the state.

"Sec. 3. Any contractor, sub-contractor, or agent of contractor or sub-contractor, foreman or employer who shall violate the provisions of this act, shall be deemed guilty of misdemeanor and upon conviction shall be fined in a sum not less than twenty-five dollars nor more than two hundred dollars, or with imprisonment in the county jail for a period of not less than ten days nor more than ninety days, or both such fine and imprisonment, at the discretion of the court."

The act of 1903, being chapter 44, Laws 1903, reads as follows:

"Section 1. That it is a part of the public policy of the state of Washington that all work 'by contract or day labor done' for it, or any political subdivision created by its laws, shall be performed in work days of not more than eight hours each, except in cases of extraordinary emergency. No case of extraordinary emergency shall be construed to exist in any case where other labor can be found to take the place of labor which has already been employed for eight hours in any calendar day.

"Sec. 2.    All contracts for work for the state of Washington, or any political subdivision created by its laws, shall provide that they may be cancelled by the officers or agents authorized to contract for or supervise the execution of such work, in case such work is not performed in accordance with the policy of the state relating to such work.

"Sec. 3.    It is made the duty of all officers or agents authorized to contract for work to be done in behalf of the state of Washington, or any political subdivision created under its laws, to stipulate in all contracts as provided for in this act, and all such officers and agents and all officers and agents entrusted with the supervision of work performed under such contracts, are authorized, and it is made their duty, to declare any contract canceled, the execution of which is not in accordance with the public policy of this state as herein declared."

Respondent contends that the act of 1903 covers the entire subject-matter of the act of 1899, and was, therefore, intended by the legislature to be a complete statute with reference thereto. The act of 1903 contains no repealing clause. Hence, if the act of 1899 is repealed, such repeal must arise by necessary implication. The act of 1899 is a criminal statute, providing for the punishment of persons who may violate its provisions. On the other hand, the act of 1903 is not a criminal statute. Assume, however, that both acts are penal, one providing for the punishment of offenders by fine and imprisonment, and the other penalizing them by canceling their contracts, are the two acts so inconsistent that they cannot be permitted to stand together? In Lewis' second edition of Sutherland on Statutory Construction, the author, at § 252, says:

"Where a later statute contains no reference to the former statute, and defines an offense containing some of the elements constituting the offense defined in such former statute and other elements, it is a new and substantial offense. The two statutes can stand together and there is no repeal. . . . Two penal provisions, passed in one act or at different times, may co-exist though covering in part the same acts, and applicable in part to the same persons, and prescribing different

penalties. One will not render the other nugatory contrary to the legislative intent."

It is a well established rule of construction that repeals by implication are not favored in law. Two independent statutes may by their provisions cover in whole or in part the same subject-matter, yet while they do so, one may be merely supplemental to the other. No express purpose of repeal being manifested in the later act, it is the duty of the courts to give effect to both statutes if possible. Is there any reuson why one guilty of violating the act of 1899, upon being punished therefor, could not also be subjected to the penalty of a cancellation of his contract under the act of 1903 ? We think not. Nor do we see any repugnancy in the two acts. While they do pertain to the same subject-matter their provisions are not inconsistent. The supreme court of North Carolina, in *Winslow v. Morton,* 118 N. C. 486 (24 S. E. 417), has well stated the proper rules of construction applicable here, the fifth syllabus, which contains the substance of the opinion, reading as follows:

"These rules of law for the construction of statutes are well established: (1) The law does not favor the repeal of an older statute by a later one by mere implication. (2) The implication which will work the repeal of a statute must be necessary, and if it arises out of repugnancy between the two acts, the later act abrogates the older only to the extent that it is inconsistent and irreconcilable with it. A law will not be deemed repealed because some of its provisions are repeated in a subsequent statute. (3) Where a later or revising statute clearly covers the whole subject-matter of antecedent acts, and it plainly appears to have been the purpose of the legislature to merge into it the whole law on the subject, a repeal by necessary implication is effected."

Failing to see any purpose upon the part of the legislature to merge into the later act of 1903 the whole law upon the subject here involved, we hold that the act of 1899 has not been repealed, but that it is still in full force and effect. *Wood v. United States,* 16 Pet. 342, 10 L. Ed. 987; *Cate*

*v. State,* 35 Tenn. 119; *Diver v. Keokuk Sav. Bank,* 126 Iowa 691, 102 N. W. 542; *State v. Archibald,* 43 Minn. 328, 45 N. W. 606; *McChord v. Louisville etc. R. Co.,* 183 U. S. 483, 22 Sup. Ct. 165, 46 L. Ed. 289; *United States v. Lee Yen Tai,* 185 U. S. 213, 22 Sup. Ct. 629, 46 L. Ed. 878.

Respondent contends that the complaint fails to state an offense, for the reason that it fails to allege that he had a contract with Thurston county, except as the same may be implied from the descriptive portion of the complaint; that there is no allegation that the laborers did work more than eight hours either on "public works" or "under the contract." The complaint is not well drawn, nor is it as clear and comprehensive in its allegations as it might be; but the evident purpose of Bal. Code, § 6840 (P. C. § 2093), is to provide that, whenever the acts constituting an offense are stated in such a manner as to enable a person of common understanding to know what is intended, the pleading shall be held sufficient. From the complaint before us it can be readily understood that the respondent had a public contract with Thurston county; that said contract was to build a bridge over Black river at Little Rock in said county; that he employed laborers on said contract and caused them to work thereon more than eight hours per calendar day. Moreover respondent is expressly charged with employing such laborers on a public contract with Thurston county and causing them to work to exceed eight hours per day. Looking at the entire complaint, is it possible that the respondent, as a person of common understanding, could not know that he was charged with violating the act of 1899 by working laborers more than eight hours in each calendar day, on a certain public contract which he had with Thurston county for the building of a bridge over Black river? In *State v. Womack,* 4 Wash. 19, 29 Pac. 939, at page 24, we said:

"An indictment can have no other use than to inform the defendant of what crime he is charged, so that he may prepare his defense. When it does not do this the defendant

should not be forced to trial, but when it does so inform him it has fulfilled its mission."

In *State v. Turner*, 10 Wash. 94, 38 Pac. 864, at page 98, we said:

" . . . for the code itself specifically avers the requirements of the information and asserts that, so far as the question involved here is concerned, whenever a person of common understanding shall know what he is charged with, the information shall be sufficient. The experience of advancing ages culminated in legislation that has done away with the refinements of technical pleading so far as criminal actions are concerned, refinements which were originally intended as safeguards to the innocent, but the practical operation of which has been to protect the guilty from merited punishment. These refinements have given place to the simplicity of a statement of facts, and the law in the interest of justice to the state and to society has laid down the plain test mentioned above. And this is a test which appeals to common sense."

See, also, *State v. Wright*, 9 Wash. 96, 37 Pac. 313; *State v. Levan*, 23 Wash. 547, 63 Pac. 202.

In disposing of these objections we might apply to this complaint language used by this court in *State v. Knowlton*, 11 Wash. 512, 39 Pac. 966, where we said:

"This information is informally and loosely drawn. Ordinary care in its preparation and a decent regard for precedents that ought not to be ruthlessly overthrown, would have relieved this court of much perplexity and labor. But we think that it is sufficient 'to enable a person of common understanding to know what is intended,' and that is all the statute requires. *State v. Womack*, 4 Wash. 19 (29 Pac. 939)."

Respondent further contends that said complaint does not negative the proviso of § 2 of the act of 1899, and is therefore insufficient. We think there is no merit in this contention. It is a well settled rule of criminal pleading that exceptions and provisos in the enacting clause of a statute must be negatived, but that such as are not in the enacting

clause need not be negatived, being matters of defense. Section 1 of the act of 1899 contains the enacting clause, and the proviso to which respondent refers is no part thereof. If, therefore, the labor was employed in a case of extraordinary emergency, as contemplated by such proviso, such fact is a matter of defense. 1 Bishop, New Crim. Proc. §§ 631-633; 10 Ency. Plead. & Prac., 495; *United States v. Cook,* 17 Wall. 168, 21 L. Ed. 538; *Clark v. State,* 19 Ala. 552; *State v. Thompson,* 2 Kan. 432; *State v. Elam,* 21 Mo. App. 290; *State v. Williams,* 9 Mont. 179, 23 Pac. 335; *Williams v. State,* 37 Tex. Crim. 238, 39 S. W. 664.

Respondent further contends that the justice of the peace had no jurisdiction to try him on the complaint made, for the reason that § 3 of the statute of 1899 provides for a fine of not less than $25, nor more than $200, or imprisonment for a period of not less than ten nor more than ninety days. While it is true that, under 3 Bal. Code, § 4683, Laws 1901, p. 34, a justice of the peace may not impose a fine of more than $100, nevertheless, we think said section confers upon justices of the peace jurisdiction of all misdemeanors, and that such justices are merely restricted by said section to imposing a fine not exceeding $100, or imprisonment as in said section stated. In this case the justice imposed a fine of $25, and did not exceed his jurisdiction.

For the reasons above stated, the judgment of the superior court is reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint.

MOUNT, C. J., ROOT, DUNBAR, and HADLEY, JJ., concur.
RUDKIN and FULLERTON, JJ., dissent.