[No. 7969.  Department One.  June 30, 1909.]

JOSEPHINE MEZA, *Respondent*, v. THE PFISTER COMPANY,
*Appellant*.[1]

NEW TRIAL—DISCRETION—REMITTING EXCESSIVE VERDICT.  It is
discretionary for the trial court to refuse a new trial on condition
of remitting part of an excessive verdict, where the correct recovery
was capable of a mathematical calculation.

CONTRACTS—BREACH—EMPLOYMENT—MEASURE OF DAMAGES.  In
an action for the breach of a contract to employ the plaintiff, the
measure of damages is the agreed salary, less sums earned by the
plaintiff during the term, where the jury determined that the plain-
tiff was not incapacitated from performing.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered December 22, 1908, upon
the verdict of a jury rendered in favor of the plaintiff, in an
action on contract.  Affirmed.

*O. C. Moore*, for appellant.

CHADWICK, J.—Plaintiff brought this action to recover
the amount due on a contract for services rendered and en-
gaged to be rendered as a singer, under a written contract.
The term of the contract and plaintiff's physicial ability to
perform during a part of the time were submitted to the jury,
among other questions, and resolved as questions of fact.  A
verdict which, under the instructions of the court, was, in
effect, a holding that defendant had engaged plaintiff for a
term of twelve weeks, and that plaintiff was at no time physi-
cally unable to perform her part of the contract, was re-
turned by the jury.  Upon this verdict a judgment for $360
was entered.  Upon motion for a new trial, this was reduced
by the court to $250, upon condition that it be accepted by
plaintiff or that she suffer a new trial.  She accepted this
condition, and defendant has appealed.

[1] Reported in 102 Pac. 871.

Appellant assigns as error the order of the court denying a new trial, and in permitting an election between a new trial and a reduction of the verdict, and in reducing the verdict. We think the court properly refused to grant a new trial. The case was fully and fairly tried, and no error is apparent, except the possible error of the jury in fixing a recovery that could not be sustained under the evidence by a mathematical calculation. This the court attempted to correct by his conditional order reducing the verdict. It is contended upon the authority of *State v. Dunlap*, 25 Wash. 292, 65 Pac. 544, and *Roberts v. Sabin*, 14 Wash. 35, 44 Pac. 108, that in a case where an exact calculation is possible and the jury fixes a larger amount, the court has no discretion to correct or amend the verdict conditioned upon acceptance or a new trial, but must grant a new trial. The power of the court in this regard is now generally admitted and, in the absence of a clear abuse of discretion, its ruling will not be disturbed on appeal. The rule is applied in actions on contract, or for torts to property the value of which may be ascertained or computed in dollars and cents. The authorities upon this subject are collected in 29 Cyc., pages 1020 and 1021.

The only question for our consideration, then is, Did the court make a just calculation of the amount proper to be entered as the judgment? As the case comes to us, respondent was entitled to recover for twelve weeks at $40 per week, or $480. From this should be deducted three weeks' salary, $120; the amount earned after her discharge and during the life of the contract, $75; in all $195; leaving a balance due of $295. It is complained that appellant is entitled to a further reduction in the sum of $120 for the time it alleges respondent was physically incapacitated. This issue was resolved against it by the jury. It is further insisted that it is entitled to a reduction in the sum of $29.35 and $11.15, fare and expenses going to and returning from Montana. These amounts were improperly submitted to the jury over the objection of appellant. But by reducing the verdict from

$360 to $250, we must presume that the court intended to, and did, take these items into consideration.   If these items be now deducted from the amount which was actually due respondent, it would still leave $254.60 due, or a sum in excess of the amount fixed by the court.   It follows that no prejudice has resulted to appellant by the act of the court, and the judgment is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.