# A. B. Dozier v. The State.

No. 21845.  Delivered January 14, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*Carpenter & Boling*, of Lubbock, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the sale of whisky in a dry area. The punishment assessed is a fine of $300.00.

The State's evidence, briefly stated, shows that Lubbock County was and is a dry area by reason of an election held within and for said county on the 28th day of May, 1910, for the purpose of determining whether or not the sale of intoxicating liquor should be prohibited within said county.

On or about the 25th day of March, 1941, J. C. Howerton, an inspector for the Liquor Control Board, purchased from the defendant, A. B. Dozier, at his filling station located within the city limits of the town of Slaton, two pints of whisky.

Cap Moore, deputy sheriff of Lubbock County, testified:

"I know where the Dozier filling station is. I think his station

is in the city limits of Slaton. * * * It is in the confines of Lubbock County, Texas."

Appellant complains of the action of the trial court in permitting the State to introduce in evidence the pint bottles with their contents, as well as the labels thereon bearing the inscription "Kessler's Blended Whiskey" and carrying the U. S. Government seal across the top of the bottles. The bottles also carried an identification label placed thereon by the officers.

Appellant objected to the introduction of the bottles with the labels thereon. The court sustained the objection as to the labels placed on the bottles by the officers and instructed the jury not to consider the same for any purpose but overruled the objection urged to the labels that were on the bottles at the time the witness purchased the same from appellant showing the kind or brand of liquor. We are of the opinion that since the labels carrying the inscription of the kind of liquor were on the bottles when appellant sold them, he tacitly, if not actually, represented to the purchaser that they contained the kind and character of whisky indicated by the labels. Hence the labels were admissible in evidence. See Ferguson v. State, 110 S. W. (2d) 61.

By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his first application for a continuance based upon the absence of Elsie Clardy, a material witness. The application is in due form, shows due diligence on the part of appellant to secure the attendance of said witness and the materiality of her testimony. The court certified that he overruled the application because the witness was a fugitive from justice; that a case was then pending in his court charging her with a violation of the liquor laws. Just how the court ascertained that she was a fugitive from justice is not disclosed by the bill, but appellant having accepted the bill, is bound thereby. We are of the opinion that under the facts as disclosed by the bill, the court was justified in overruling the application. We have many times said that where an application for a continuance is based on the absence of a material witness who is a fugitive from justice the granting or denial thereof rests within the sound discretion of the court. See Branch's Ann. Tex. P. C., p. 191, sec. 327; Franks v. State, 139 Tex. Cr. R. 42; Brown v. State, 87 S. W. (2d) 720; Sanders v. State, 116 Tex. Cr. R. 172; Reynolds v. State, 116 Tex. Cr. R. 193.

Appellant cites us to the case of Kinslow v. State, 272 S. W. 468. It is true that the matter set forth in the bill of exception in that case is very similar to the one here under discussion but the court in that case failed to consider and discuss the certification by the trial court that the witness was a fugitive from justice. It was evidently overlooked but in so far as that case may be in conflict with the prior and subsequent decisions of this court on the subject, it is hereby expressly overruled.

Appellant addressed a number of objections to the court's charge, some of which do not comply with Article 658, C. C. P., which requires the objections to specifically point out the error complained of. Therefore these complaints need not be discussed. However, appellant did object to the court's charge in that it failed to instruct the jury that appellant was charged with the unlawful sale of whisky to J. C. Howerton in Lubbock County, Texas, after an election had been held in said county to determine whether the sale of intoxicating liquor should be prohibited, etc. The sale of whisky in a dry area is unlawful unless such liquor is sold by a registered druggist upon the prescription of a physician which, however, may be interposed by the defendant as a defense to the charge; and unless such issue is raised by the evidence there is no need to submit it to the jury. That Lubbock County was a dry area was not controverted and was not made an issue. Hence the court was not required to submit it to the jury to be decided by them. See Roberson v. State, 91 S. W. 578; Williams v. State, 39 S. W. 664, 37 Tex. Cr. R. 238; Garner v. State, 109 S. W. (2d) 182, and cases therein cited.

Bill of Exception No. 5 shows that appellant objected to the court's charge because the court instructed the jury that if they believed from all the evidence beyond a reasonable doubt, that defendant sold whisky to J. C. Howerton, on March 25, 1941, in Lubbock County, Texas, it would be the jury's duty to convict him and assess his punishment as stated in the charge. The basis of the complaint seems to be that this shifts the burden of proof and does not advise the jury that if they have a reasonable doubt as to defendant's guilt to acquit him. An examination of the charge discloses that the court instructed the jury to the effect that before they would be authorized to convict the defendant, they must believe him guilty from all the evidence, beyond a reasonable doubt; and in another paragraph the court instructed the jury that in case they had a rea-

sonable doubt as to the defendant's guilt, they should acquit him and say by their verdict "not guilty." In our opinion, this was a sufficient guide to the jury not only that they had to find, beyond a reasonable doubt, that he committed the offense as charged, but also that in the event they had a reasonable doubt thereof, to acquit him.

In 24 Tex. Jur. p. 609, sec. 118, the rule is stated as follows:

"If the instructions apply the doctrine of reasonable doubt to the whole case, it is not ordinarily necessary to restate the rule in connection with each feature of the case or in each paragraph of the charge."

See cases cited under note 6, sec. 118, supra.

By Bill of Exception No. 8 appellant complains of the following remark by the Assistant County Attorney in his argument to the jury:

"Gentlemen of the Jury: Look at that defendant sitting over there; he is a clean cut young fellow; look at those broad shoulders; it looks to me like he should do something besides bootleg, doesn't it to you?"

Appellant objected to the remark because there was no basis therefor in the testimony and because it was a comment on his failure to testify. We do not so regard it. Appellant was sitting in the court room in the presence of the jury and was pointed out by Howerton as the person who sold the whisky in question to him. This brought before the jury appellant's physical appearance and features as much so as if Howerton had described him. Consequently the remarks of counsel related to appellant's physical appearance and not to his failure to testify.

The other matters complained of have been carefully considered by us and are deemed to be without merit.

The judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing insisting that the evidence is insufficient to show that the offense charged was committed in Lubbock County.

In addition to the evidence quoted in the original opinion, it was stated by the witness Howerton that he bought the whiskey on the 25th day of March "at his service station in Slaton, Texas." Further, Cap Moore, a witness for the State, testified: "I know where the Dozier filling station is. I think his station is in the city limits of Slaton. I know it is on the curve out in the South edge of the city of Slaton. * * * It is in the confines of Lubbock County, Texas, * * * The station I am talking about is the one he operates. It is the one he has." Furthermore, on redirect examination on page ten, the witness said: "I know where the county line is South of Slaton. It is down there some distance this side of Southland. This station I have been talking about is this side of that county line."

It occurs to the writer that there could be no question but what the State sufficiently discharged its burden to show that the offense charged was committed in Lubbock County.

Further complaint is made of the introduction of the bottles in question and the sufficiency of the proof that they contained whiskey. As a basis for this argument it is contended that the original labels and all of the labels are not introduced in evidence. It is admitted that if they are in evidence, the labels would be sufficient to show that the bottles contain whiskey. The statement of facts before us contains evidence entirely too long to copy in this opinion, but we find about two-thirds of page nine of the statement of facts devoted to a copy of the labels on the bottles and, if it is not in evidence, appellant's counsels were in error in approving the statement of facts which we have before us.

The motion for rehearing is overruled.