HAWTHORNE,' Justice (dissenting).
In my opinion the decision in this case is not supported by the jurisprudence of this state, and it is contrary to the weight of authority in other states. The remarks attributed to the assistant district attorney were not even indirectly a comment on the failure of the accused to take the stand, nor were they, as contended, prejudicial as being a comment upon matters that were not a part of the record. In State v. Antoine, 189 La. 619, 180 So. 465, 466, this court held that the remark “How has the defense combatted or met the case of the State ?” was not an indirect comment on the failure of the accused to take the stand, saying: “ ‘Unless the district attorney makes the direct statement, or the inference is plain that he intended to bring to the attention of the jury the fact that the defendant had not testified there is no ground for complaint.’ ” (All italics mine.) See also State v. Lewis, 156 La. 985, 101 So. 386, and authorities therein cited.
In this case not even the implication can be drawn that the assistant district attorney intended by his remarks to call to the attention of the jury the fact that the defendant had not taken the stand, but obviously what 'he did intend was to give significance to the manner in which the defendant had observed photographs of the scene of the crime in order to demonstrate to the jury that the defendant was familiar with the scene of the crime and that he had by his action during the trial betrayed his guilt. The real question in the case, there-■ *883 fore, is whether the district attorney may legitimately make such comment and whether it is so prejudicial that it warrants granting to the accused a new trial.
The accused had the privilege of refraining from testifying or doing any act which would incriminate him, but, when he voluntarily and without compulsion committed an act during the course of the trial, and in the view of the jury, that incriminated him or tended to incriminate him, he waived his privilege as to that act. Counsel for the defense do not even suggest that the acts of the defendant could have been withdrawn from the-jury’s consideration. In Annotation, 171 A.L.R. 1144, 1178, the matter is summed up as follows: “The privilege in respect of self-crimination is one against being compelled to do certain things and affords no protection in respect of testimony given or acts done without compulsion. If the defendant upon his trial performs an act voluntarily or upon request without asserting his privilege, or performs it after his claim of privilege has been sustained, he will -be considered to have waived any privilege he may originally have had not to perform such act.”
The act incriminating the accused or tending to incriminate him having been performed by him voluntarily, is the district attorney’s comment on it reversible error? Cases from other states are to the effect that the conduct of the accused during the trial may -be commented upon, and the reasoning in those cases is manifestly sound.
In Norris v. State, Tex.Cr.App., 64 S.W. 1044, 1045, the accused was convicted of murder, and on his appeal he complained' of certain language of the state’s attorney in his closing argument. The following-quotation shows the language objected to- and the ruling of that court on its objectionability: “ ‘Through all of this trial,, during the testimony and argument, the defendant has sat in his seat without any sign of emotion or change in his countenance» Look at him, gentlemen [pointing his finger at defendant].’ He further remarkedr ‘Look at him, gentlemen [pointing at the-defendant], — the size of his hands, and how he crouches in his chair like some wild animal, as he has done all through this-trial. You have a right to look at him, and judge of his action.’ The objection urged to this is that it was an indirect reference to the fact that appellant did not take the-stand in his own behalf, and that it was-clearly making the defendant a witness in. the case against his will, and an argument which would likely prejudice the jury» The court explains this bill that, as soon as his attention was called to the remarks,, he immediately stopped the county attorney, and admonished him to refrain from further argument of that character, and instructed the jury not to consider the remarks of said county attorney of which complaint was made. While such remarks-should not be indulged, and the prosecuting, *885 officer should be careful about such things, we do not see how harm resulted to appellant; his conduct being before the jury, and subject to their observation. The court immediately stopped the county attorney, and admonished him against further argument of this character, and instructed the jury not to consider the remark. This would not justify reversal of the judgment. * * * It was not an allusion to failure of appellant to testify in his own behalf.”
In Brothers v. State, 236 Ala. 448, 183 So. 433, 436, the argument “The defendant was sitting around looking at the floor and faking insanity” was challenged on the ground that it invaded the constitutional guarantee against compelling one to be a witness against himself and the statutory inhibition against comment on the failure •of the defendant to testify. The court answered the objection as follows:
“Whether the defendant was faking insanity was a primary inquiry in the case. If, instead of taking the stand, he was seeking to make evidence for himself by his demeanor before the jury, this was the legitimate subject of comment.
“The trial court was in position to see whether this line of argument was within the rule that counsel may draw any inference which the facts tend to support. The conduct of accused during the trial is a proper .subject of comment. * * *

“The jurors were the judges as to whether such inference was well founded.”

In State v. McKinnon, 158 Iowa 619, 138 N.W. 523, 528, the district attorney in his closing argument made reference to the fact that the defendant, charged with carnal knowledge, had sat grinning and smiling at the prosecuting witness while she testified, as though he were gloating over his conquest. Objection was made to the remarks, but no ruling was made by the court. On appeal the court said: “ * * * If the defendant conducted himself in the manner stated while the prosecutrix was upon the stand, he was necessarily subject to the observation of the jury, nor do we see any fair reason why reasonable comment upon such conduct might not be made in argument to the jury.” See also Dozier v. State, 143 Tex.Cr.R. 397, 158 S.W.2d 776; State v. Serna, 69 Ariz. 181, 211 P.2d 455.
In the instant case the action of the defendant was done in' the presence of the jury. If it incriminated him, he waived his privilege as to it by acting voluntarily, and the jurors were competent to decide whether the district attorney had drawn the proper inference from his conduct. In the majority opinion it is said that the remarks of the district attorney infringed defendant’s “constitutional privilege against circumstantially forced self-incrimination”, and that the comment dehors the record fixed the accused at the scene of the crime. It was not the remarks of the district attorney that did these things; it was the act of the accused before the jury.
*887 Full -proof that the accused was not prejudiced by the remarks of the district attorney is shown by his own testimony on the motion for a new trial, when he admitted that he was at the scene of the crime on the night the deceased was murdered.
I am firmly of the belief that the assistant district attorney did not make any comment on the failure of the accused to take the stand in this case, but, even if he had made a direct comment, I do not consider that it would have -been reversible error. Act 157 of 1916 provided that a person charged with crime should, at his own request, but not otherwise, be deemed a competent witness, and that 'his neglect or refusal to testify should not create a presumption against him. The redactors of the Code of Criminal Procedure deliberately omitted the provision of the act that the neglect of an accused to testify should not create a presumption against him, and gave this explanation of their intention: “We have eliminated the law which forbids the district attorney and the judge to discuss and comment on the defendant’s failure to testify. This rule came into existence at a time when defendants were not permitted to testify and, therefore, logically it was proper to prohibit any comment to the jury upon the fact that the defendant had not testified. As a rule only professional criminals with records -avail themselves of the privilege of staying off the witness stand.” See Art. 461, La.Code of Cr.Proc., and para. 15 of redactors’ explanation at p. xvii, Dart’s Code of Crim.. Law and Proc.
In my opinion, therefore, the judge and' the district attorney have the right to comment on the failure of an accused to testify.
I am therefore convinced that the defendant is not entitled to a new trial on the-basis of this exception, and for this reason. I respectfully dissent.