[No. 10295.  Department Two.  August 21, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. IRENE BAKER, *Appellant*.[1]

INDICTMENT AND INFORMATION—ROBBERY—ATTEMPT—LANGUAGE OF STATUTE.  An information charging an attempt to commit robbery is not insufficient in that the physical acts done towards the commission of the offense are not set forth, where it follows the language of Rem. & Bal. Code, § 2418, defining robbery and charges the defendant with an attempt to do the precise thing recited in the statute as constituting the crime.

CRIMINAL LAW—APPEAL—HARMLESS ERROR.  It is error without prejudice for the court, in a prosecution for attempt to rob, to inadvertently instruct the jury that the crime of attempted robbery includes the lesser offense of grand larceny, where no finding was made thereon and the error did not enter into the verdict.

CRIMINAL LAW—EVIDENCE—RES GESTAE—SEVERAL DEFENDANTS—ACTS OF ONE.  Where one of two robbers was immediately captured and given to the prosecuting witness to hold while the officer pursued the other, whereupon the first offered money to be allowed to escape and finally escaped, what was said and done while the other was absent is admissible as part of the *res gestae*, and also for the reason that there was concert of action between the two in the commission of the offense.

CRIMINAL LAW—EVIDENCE—ILLUSTRATIONS.  It is not error to allow a witness who had been robbed to illustrate upon the person of another the position of the defendant's arms with relation to his person when his pocketbook was taken.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered March 14, 1912, upon a trial and conviction of attempted robbery.  Affirmed.

[1]Reported in 125 Pac. 1016.

*Nuzum, Clark & Nuzum* and *Geo. H. Armitage,* for appellant.

*John L. Wiley, Robert L. McWilliams,* and *C. C. Dill,* for respondent.

FULLERTON, J.—The appellant was informed against by the prosecuting attorney of Spokane for the crime of attempt to commit robbery, the information, omitting the formal parts, reading as follows:

"Comes now the prosecuting attorney of Spokane county and charges the said defendants as follows:

"That they, Irene Baker and Bessie White, said defendants, and each of them, on or about the 5th day of December, 1911, in the county of Spokane and state of Washington, then and there being, did then and there unlawfully, feloniously, wilfully and with force and violence attempt to take from the person and immediate presence of one John Pharao, and against his will, certain personal property, to wit, a pocketbook and ten dollars in money, bills and currency of the value of ten dollars, said pocket book and money then and there being in the possession of and belonging to said John Pharao."

The appellant interposed a demurrer to the information, based on the ground that it does not state facts sufficient to constitute a crime. The demurrer was overruled by the court, whereupon the appellant entered a plea of not guilty to the information; and on the issue thus joined a trial was had before a jury, which resulted in a verdict of guilty as charged in the information. The appellant was thereupon adjudged guilty by the court and sentenced to a term of years in the penitentiary. This appeal is from the judgment and sentence.

The appellant first contends that the information does not state facts sufficient to constitute a crime. It is said that to constitute an attempt to commit a crime there must appear to have been more than a mere design or intention to commit it, and hence the physical acts done towards the commission of the offense must be set forth in the indictment or informa-

tion charging the offense, so that the court may know whether the law has been violated and that the accused may know to what he must make answer. Cases are cited from other jurisdictions which hold with this contention, and seemingly hold that informations and indictments in the form of the one in question do not sufficiently comply with the rule. *Hogan v. State*, 50 Fla. 86, 7 Am. & Eng. Ann. Cas. 139, and note 140.

But without reviewing these cases specially, we think that, under the liberal rules of criminal pleading enjoined by our statute, the information is sufficient. Robbery is defined by the statute (Rem. & Bal. Code, § 2418), as follows:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear. Every person who shall commit robbery shall be punished by imprisonment in the state penitentiary for not less than five years."

An attempt is defined (Id., § 2264):

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime."

A comparison of the charge contained in the information with the language of the statute will show that the information follows the language of the statute and charges the defendant with attempting to do the precise things which are recited in the statute as constituting the crime. This is a sufficient charge under the general rules governing criminal

pleadings, and convictions for the crime of robbery itself have been sustained by this court where the overt act constituting the crime was charged in language the same as or similar to that used by the pleader in the present instance. *State v. Johnson*, 19 Wash. 410, 53 Pac. 667; *State v. Smith*, 40 Wash. 615, 82 Pac. 918; *State v. Brache*, 63 Wash. 396, 115 Pac. 853.

If it be a sufficient charge of the overt act constituting the offense when charging the crime of burglary itself to say that the defendant, "did then and there unlawfully, feloniously and wilfully and with force and violence take from the person of" another certain described personal property the personal property of that other, it ought to be a sufficient charge of the overt act when charging an attempt to commit the crime of burglary to charge the overt act in similar language. We think it is, and that the information in the present case is not faulty in the respect to which complaint is made. *State v. Womack*, 4 Wash. 19, 29 Pac. 939; *State v. Wright*, 9 Wash. 96, 37 Pac. 313; *State v. Levan*, 23 Wash. 547, 63 Pac. 202; *State v. Davis*, 43 Wash. 116, 86 Pac. 201; 1 Bishop, Criminal Procedure, § 611.

In the opening statement of his charge to the jury, the trial judge used this language, namely: "The information in this case charges the defendants, Irene Baker and Bessie White, with the crime of attempted robbery, which includes in it also the lesser offense of grand larceny." It is objected that the concluding clause of the statement is error, because it is manifest that the charge of grand larceny cannot be included in a charge of attempted robbery, whatever the fact may be as to its being included within a charge of robbery itself. The statement is doubtless subject to the criticism the appellant puts upon it, but we cannot think it reversible error, nevertheless. The statement was clearly an inadvertence on the part of the trial judge, and the jury could not have understood it otherwise. At any rate, no finding was made by them based on the instruction, and no

prejudice resulted to the appellant therefrom.    The error, therefore, did not enter into the verdict, but on the contrary was cured thereby.

The attempted robbery occurred on one of the streets of the city of Spokane.  As the defendant was going from the down town district to his home, he met the women named in the information, who spoke to him, saying something he did not understand.  He stopped apparently to ascertain what was wanted, and was immediately assaulted by them, and a purse containing ten dollars in money was taken by one of them from his hip pocket.  In the tussle that followed, the purse was dropped by the person taking it, and was picked up by the prosecuting witness.  Just then the assailants discovered a policeman approaching, and started to run away. The appellant's companion was caught immediately by the policeman and given to the prosecuting witness to detain while the policeman captured the appellant.  Immediately after the policeman started his pursuit, the woman the witness was detaining made certain proposals and committed certain acts, which the witness detailed as follows:

"Q.  What happened next with you and Bessie?  A.  I held the woman by the collar.  Q.  Did you have any conversation?  Mr. Armitage:  I object as the defendant was not present.  Objection overruled—exception.  Q.  What did she say?  A.  She told me to let her go and she would give me a dollar.  Q.  What did you say?  A.  I said you won't get loose from me.  Q.  Then what happened?  A.  I was looking around to see what became of the other one and she had meantime pulled out her hat pins and trying to make for my face.  Mr. Armitage:  Objected to as incompetent and immaterial.  The transaction did not occur in the presence of the defendant and I object.  Overruled—exception.  Q.  What did you do?  A.  I let her go.  Q.  And what happened?  A. She turned to run and I grabbed her hair.  Mr. Armitage: This is all over my objection.  The Court:  Yes.  Q.  What next?  A.  I grabbed her by the hair, but the hair and hat came off.  Q.  Where did she go?  A.  I stayed in front of the house and waited for Bradley.  Q.  Did you see Bradley

again? A. Bradley came afterwards with the other woman. Q. With Irene Baker? A. Yes."

It is thought that it was not competent to show these acts and statements on the trial of the appellant because occurring out of her presence. But we think them matters proper to be shown the jury. They seem to be sufficiently closely connected with the crime committed as to be part of the *res gestae* and admissible for that reason; but if it were otherwise, it was admissible on the authority of the case of *State v. Williams*, 62 Wash. 286, 113 Pac. 780, and the cases therein cited, as it clearly appears there was concert of action between the defendants in the commission of the crime charged.

While the prosecuting witness was testifying concerning the manner in which he was assaulted by the women, he was permitted by the court to illustrate on the person of the examiner the position of the woman's arms with relation to his person when his pocketbook was taken from his pocket. This was objected to on the part of the defendant on the ground that it was a "theatrical exhibition," and consequently improper. But if the record correctly describes the occurrence, there was nothing in it that was in any way censurable. The illustration was simply in aid of the witness' description of the manner of the attempted robbery and was proper under all circumstances. It is true the illustration as made cannot be preserved in the record other than by description, but this is not a sufficient reason for excluding it as evidence. As every practitioner knows, there is much that is proper to go before the jury as evidence, or as explaining the evidence, that cannot be preserved in the record. It has been frequently held, for example, that the jury may properly be permitted to view the scene of a crime, that they may view the subject of the crime where identity is in question, that a witness may be permitted to illustrate by rapping on a table or by motion of his hands the rapidity with which gun shots were fired; that a witness may properly be per-

mitted to illustrate with his own voice the tone in which certain words were spoken by another; that noises claimed to have been made for the purpose of alarm may be repeated before the jury in order that the jury may determine whether they were in fact made; although it is at once evident that in none of these instances can the particular thing given in evidence be preserved in the record, other than in some more or less general way by description. There was, therefore, no error in the ruling made with reference to the illustration in question.

We conclude that no reversible error was committed at the trial, and that the judgment should stand affirmed. It is so ordered.

MOUNT, CROW, ELLIS, and MORRIS, JJ., concur.