[No. 11540.  Department One.  April 27, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. NICK GEORGE, *Appellant*.[1]

CRIMINAL LAW—ARREST OF JUDGMENT—GROUNDS — INSUFFICIENCY OF INFORMATION.  A motion in arrest of judgment on account of insufficiency of the information may be made after trial, although there was no demurrer to the information, in view of Rem. & Bal. Code, § 2183, authorizing a motion in arrest of judgment on the ground that the facts stated in the information do not constitute a crime.

SODOMY—"ATTEMPT"—INFORMATION—SUFFICIENCY.  Since an "attempt" to commit sodomy does not necessarily imply a physical act and is punishable whether by assault or solicitation, an information charging an attempt to commit sodomy is insufficient where it does not set forth the acts constituting the crime so that the accused may know the charge he is called upon to meet.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 10, 1913, upon a trial and conviction of attempted sodomy.  Reversed.

*Thos. F. Murphine* and *Harry Sigmond*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy* for respondent.

CHADWICK, J.—Defendant is charged with having attempted to commit the crime of sodomy.  The charging part of the information is that he "unlawfully and feloniously did attempt to carnally know one  . . ., a living human being, by the anus."  When the case was called for trial, defendant demurred *ore tenus*, and objected to the introduction of any evidence on the ground that "the information does not state facts sufficient to constitute a crime."  This objection was overruled by the court.  It was renewed upon a motion in arrest of judgment.  The state contends that the objection came too late, citing *State v. Blanchard*, 11 Wash. 116, 39 Pac. 377; *State v. Bodeckar*, 11 Wash. 417, 39 Pac. 645;

[1]Reported in 140 Pac. 337.

*State v. Phillips*, 65 Wash. 324, 118 Pac. 43; *State v. Mc-Bride*, 72 Wash. 390, 130 Pac. 486.

In these cases, it is held that a defendant must make timely objection when relying upon the insufficiency of the indictment or information; that our procedure in criminal cases is statutory; that the time for raising such objections is before plea; that courts will not entertain an objection to the introduction of testimony or pass upon the legal sufficiency of the pleadings after a plea of not guilty has been entered or while it is pending. As we read the record, we are not called upon to decide whether appellant waived his right to object because of his failure to demur to the information before plea; for the same statute which fixes the time for demurrer gives the accused the right to raise the same question by motion in arrest of judgment. This appellant did. The right to move in arrest of judgment in such cases is admitted in the *Blanchard* case. Rem. & Bal. Code, § 2183 (P. C. 135 § 1223), provides that a judgment may be arrested on motion of the defendant for the following causes: ". . . (2) That the facts as stated in the indictment or information do not constitute a crime or misdemeanor." In *State v. Feamster*, 12 Wash. 461, 41 Pac. 52, this court held, notwithstanding the fact that the defendant had gone through two trials of his case without objecting to the sufficiency of the information, by demurrer or otherwise, that the objection was still available to him under this statute.

Whether the information states a cause of action is a more difficult question. Appellant relies upon the case of *State v. Heath*, 57 Wash. 246, 106 Pac. 756; while the state relies upon the case of *State v. Baker*, 69 Wash. 589, 125 Pac. 1016. The *Heath* case involved an inquiry as to the sufficiency of an information charging an assault; the *Baker* case, the sufficiency of an information charging an attempt to commit a robbery. Whether the word "attempt," as used in an information, implies a physical act recognized or defined as a crime, or whether the acts constituting the at-

tempt must be set out in every case, are not necessarily pertinent to our present inquiry. In this case, no facts constituting the attempt are set out. This distinguishes this case from the *Baker* case, where the court held, notwithstanding some general expressions in the opinion that the information charged the defendant with attempting to do the precise things which are recited in the statute as constituting the crime of robbery, and implied an assault, a physical act. Moreover, it was there charged that the defendant "did unlawfully, feloniously, wrongfully and with force and violence, attempt to take from the person, etc." This was held to be a sufficient charge of an overt act. But it is our understanding of the law that the word "attempt" does not necessarily imply a physical act. An attempt may consist of acts of persuasion or solicitation or threats. An attempt is, "an act done with intent to commit a crime." Rem. & Bal. Code, § 2264. Reference to the definitions gathered in Words and Phrases under the title "attempt" *et seq.* will show that an an attempt implies an intent or purpose coupled with an act. It is said to be an inchoate effort toward action. We know of no cases holding that the act or effort employed to effect the object designed must necessarily possess any element of an assault. To apply the *Baker* case, we would have to hold that the words "attempt" and "assault" are synonymous. This is not so. If it were, we might say that the charge of an attempt to commit a crime like sodomy, statutory rape, adultery, or swindling is equivalent to a charge of assault or physical contact. An attempt may or may not require a physical act touching the person or property of another. An attempt to commit the crime of statutory rape or sodomy, or to obtain property of another by any of the deceitful methods proscribed in our criminal code, may be committed by resort to physical acts, by permission, or by letter (*Reg. v. Ransford*, 13 Cox C. C. 9) or by words. This distinction is recognized by Mr. Bishop. In discussing the crime of sodomy, he says:

"A solicitation to commit this offense *is* an indictable attempt; and there may be other forms of the attempt,—as, assault with intent." 2 Bishop, New Criminal Law, § 1195.

"To make overtures to one to commit sodomy . . . is an indictable misdemeanor, though the person approached declines the persuasion." Id., § 767.

Ever since the statute against sodomy was passed, it has been held in England that a solicitation to sodomy is an indictable common law attempt. 1 Bishop, New Criminal Law, § 768. Mr. Bishop notes that this doctrine has been questioned in some of the American books. We agree with him that the criticisms are not sound and are no more than mistaken judicial dictum.

Under the constitution of this state, and under all authority, an accused person is entitled to demand the nature and cause of the accusation made against him. It being possible to commit the crime charged in more than one way, the facts constituting the crime must be set out with sufficient particularity so that the accused may know, either from the terms of the indictment or information, or from the implications that attend its charging words, the charge he is called upon to meet. If it were not so, a charge of "an attempt to murder 'A' by killing him" would be good. By this test, the information does not state facts sufficient to constitute a crime.

The case is reversed, and remanded with instructions to sustain the motion in arrest of judgment.

CROW, C. J., GOSE, and ELLIS, JJ., concur.