[No. 14819. Department One.   June 19, 1918.]

# THE STATE OF WASHINGTON, *on the Relation of Alfred H. Lundin, Prosecuting Attorney etc., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

CRIMINAL LAW—SENTENCE—POWER TO SUSPEND—STATUTES. Under Rem. Code, § 2280, authorizing suspension of sentence upon the conviction of a minor, and Id., § 2190, making it the mandatory duty of the court to pronounce sentence after verdict of guilty or finding against the defendant, the superior court has no power to suspend sentence upon a plea of guilty by an adult.

MANDAMUS—WHEN LIES—TO COURTS—SCOPE OF RELIEF—CRIMINAL LAW—SENTENCE. Mandamus will not issue to compel the superior court to pronounce sentence upon a plea of guilty while the accused has the right at any time prior to final judgment to ask leave to withdraw the plea, under Rem. Code, § 2111, or to move in arrest of judgment under Id., § 2183.

SAME. Mandamus lies to compel the superior court to proceed to final judgment upon a plea of guilty in a criminal case, upon suspending sentence without authority; since its action was a refusal to proceed to final judgment, rather than the mere commission of error.

Application filed in the supreme court April 24, 1918, for a writ of mandamus to compel the superior court for King county, Jurey, J., to render final judgment and sentence against a defendant upon a plea of guilty. Granted.

*Alfred H. Lundin* and *Everett C. Ellis,* for relator.

*Morris & Shipley,* for respondent.

PARKER, J.—The relator seeks a writ of mandate from this court commanding the superior court for King county and Honorable John S. Jurey, the judge thereof, to cause Fred Percy Rowell to be arrested and brought into that court for sentence upon his plea of

[1]Reported in 174 Pac. 473.

guilty to a charge of having committed the crime of bigamy; and commanding the court and the judge thereof to render final judgment and sentence against Rowell upon his plea of guilty.

On January 18, 1918, the prosecuting attorney for King county filed in the superior court for that county an information charging Rowell with the crime of bigamy. On March 12, Rowell, being duly arraigned in that court, Judge Jurey presiding, pleaded guilty to the charge as made in the information. Judge Jurey, having taken under advisement the matter of rendering judgment upon Rowell's plea of guilty, on March 15, entered an order suspending the rendering of judgment and sentence against Rowell indefinitely, and releasing him from custody upon his personal recognizance. This disposition of the case by Judge Jurey was made upon his own motion, and was rested upon the ground that the information did not state facts constituting the crime of bigamy, and also upon the ground that facts stated and conceded to be true by both Rowell and counsel for the state in open court at the time he pleaded guilty showed that he was not guilty of the crime of bigamy within the meaning of the statute defining that crime. We proceed upon the assumption, as counsel for both sides do in their argument, that Rowell was past twenty-one years of age at the time of committing the acts charged in the information. No motion was made in the superior court in Rowell's behalf for an arrest of judgment, nor has he as yet asked to withdraw his plea of guilty and substitute another plea therefor.

The principal contention here made in relator's behalf is that neither the superior court nor a judge thereof has any authority to suspend judgment and sentence indefinitely upon a verdict or plea of guilty establishing the guilt of an accused in a criminal prose-

cution, except in cases where the accused is under the age of twenty-one years. We feel constrained to sustain this contention, though, as we shall presently notice, this view of the law will not entitle the relator to relief to the extent prayed for in this proceeding.

We have no statute authorizing the suspension of judgment and sentence after conviction by verdict or a plea of guilty, other than § 2280, Rem. Code, which has reference only to convicted minors. Section 2190, Rem. Code, makes it the mandatory duty of the court to pronounce judgment and sentence in other cases as follows:

"After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested or a new trial granted, the court must pronounce judgment."

It is true that this section does not in terms refer to a plea of guilty, but it is elementary that a plea of guilty has the same effect in law as a verdict of guilty, except that it may be withdrawn and another plea substituted therefor by leave of the court at any time before the rendering of final judgment and sentence thereon. 12 Cyc. 353; 8 R. C. L. 115. But, aside from these statutory provisions which negative the view that our superior courts have the power to suspend sentence indefinitely after conviction by the verdict of a jury or by a plea of guilty, we think the law is, in the absence of statute, that courts do not have the inherent authority to suspend sentence indefinitely, nor did they ever possess any such power at common law. This subject was learnedly reviewed by Chief Justice White, speaking for the supreme court of the United States in *Ex parte United States,* 242 U. S. 27, Ann. Cas. 1917B 355, L. R. A. 1917E 1178. Answering the contention that the courts possess inherent power to suspend sentence or the execution thereof, the learned Chief Justice said:

"Indisputably under our constitutional system the right to try offenses against the criminal laws and upon conviction to impose the punishment provided by law is judicial, and it is equally to be conceded that in exerting the powers vested in them on such subject, courts inherently possess ample right to exercise reasonable, that is, judicial, discretion to enable them to wisely exert their authority. But these concessions afford no ground for the contention as to power here made, since it must rest upon the proposition that the power to enforce begets inherently a discretion to permanently refuse to do so. And the effect of the proposition urged upon the distribution of powers made by the constitution will become apparent when it is observed that indisputable also is it that the authority to define and fix the punishment for crime is legislative and includes the right in advance to bring within judicial discretion, for the purpose of executing the statute, elements of consideration which would be otherwise beyond the scope of judicial authority, and that the right to relieve from the punishment, fixed by law and ascertained according to the methods by it provided, belongs to the executive department.

"The proposition might well be left with the demonstration which results from these considerations, but the disregard of the constitution which would result from sustaining the proposition is made if possible plainer by considering that, if it be the plain legislative command fixing the specific punishment for crime is subject to be permanently set aside by an implied judicial power upon consideration extraneous to the legality of the conviction, it would seem necessarily to follow that there could be likewise implied a discretionary authority to permanently refuse to try a criminal charge because of the conclusion that a particular act made criminal by law ought not to be treated as criminal. And thus it would come to pass that the possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced."

Answering the contention that this was a power exercised under the common law, the Chief Justice further observed:

"While it may not be doubted under the common law as thus stated that courts possessed and asserted the right to exert judicial discretion in the enforcement of the law to temporarily suspend either the imposition of sentence or its execution when imposed to the end that pardon might be procured or that a violation of law in other respects might be prevented, we are unable to perceive any ground for sustaining the proposition that at common law the courts possessed or claimed the right which is here insisted upon."

This view of the law plainly calls for a mandate from this court directing the superior court for King county and the judge thereof to set aside the order of March 15, 1918, indefinitely suspending sentence, and proceed to a final disposition of the state's prosecution of Rowell, pending in that court, in some manner other than by a suspension of judgment and sentence.

In view of the present status of that pending prosecution, it seems quite plain to us that we should not now direct by mandate that court to render final judgment and sentence against Rowell upon his plea of guilty. Final judgment not having been rendered against him, he still has the right to present to the court, and have determined by it, before final judgment, at least two questions, the decision of either of which in his favor would prevent the rendering of a judgment and sentence against him upon his plea of guilty. Section 2111, Rem. Code, reads as follows:

"At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

Manifestly, Rowell still has the right to request of the court the privilege of withdrawing his plea of guilty and substitute another plea in place thereof, and, of

course, if such request be made by him, has the right
to have that question passed upon by the court before
final judgment. Section 2183, Rem. Code, reads as
follows:

"Judgment may be arrested on the motion of the
defendant for the following causes:

"(1)  No legal authority in the grand jury to in-
quire into the offense charged, by reason of its not
being within the jurisdiction of the court;

"(2)  That the facts as stated in the indictment or
information do not constitute a crime or misde-
meanor."

It seems equally plain that Rowell still has the right
to make a motion of this nature and have it decided by
the court, since final judgment has not been rendered
against him upon his plea of guilty. *State v. George,*
79 Wash. 262, 140 Pac. 337. Section 2184, Rem. Code,
reads as follows:

"The court may also, on its views of any of these
defects, arrest the judgment without motion."

This plainly refers to the defects mentioned in § 2183
above quoted, so the arresting of judgment, even upon
the court's own motion, is a power which the court
may exercise before the rendition of final judgment.
These considerations render it plain that the state's
prosecution has not proceeded to that stage where this
court can say that the only duty left to the superior
court is that of pronouncing final judgment and sen-
tence, and manifestly we would, in no event, mandamus
the superior court to pronounce final judgment until
it was rendered certain that no other duty was left to
it to perform in the case.

We may assume that there is not now pending in
the superior court any motion in Rowell's behalf to
arrest judgment upon his plea of guilty, nor any appli-
cation to withdraw his plea of guilty and substitute an-

other plea, and we may even assume that the superior
court is not of its own motion considering the question
of arresting judgment; but we are to remember that
final judgment has not been rendered, and that these
questions may, in the manner provided by law, come
before the court for its decision before judgment is
rendered. If so, they will be for the superior court to
decide without interference from this court, except as
the superior court's decision thereon may be thereafter
reviewable in this court. In *Ex parte United States,*
above quoted from, a mandate was issued from the
Federal supreme court to a Federal district court re-
quiring the execution of a judgment and sentence. That
prosecution had proceeded, however, in the district
court to conviction, and, also, to final judgment, and
it was the suspension of the execution of the judgment
by the district court that was in question, rather than
the suspension of the rendition of a judgment. Plainly,
in that case, there was nothing left for the court to do
but carry into execution its judgment. Had this prose-
cution proceeded to final judgment, as in that case, so
that there would be no room for the superior court to
consider any question before performing its final duty
in the case, we could lawfully command it to perform
such duty. This prosecution has not reached that
stage; hence we can only command the superior court
to proceed to a final disposition of the case, leaving it
free to decide all questions properly before it before
rendering final judgment.

That mandamus is the proper remedy to correct the
action of the superior court, we think is plain, since its
action here sought to be corrected is a refusal to pro-
ceed to final judgment, rather than the mere commis-
sion of error. *State ex rel. Martin v. Superior
Court,* 101 Wash. 81, 172 Pac. 257. Some contention is
made in behalf of the superior court that mandamus

is not the proper remedy because subd. 7, § 1716, Rem. Code, expressly provides for an appeal from a decision of the superior court setting aside an indictment or information, or arresting judgment on the ground that the facts stated in the indictment or information do not constitute a crime, and that its suspension of sentence was in effect an arrest of judgment as provided by §§ 2183, 2184, Rem. Code, above quoted, since it decided that the information did not state facts constituting a crime. But this was not the only ground of the court's order. Besides, the court did not arrest judgment in the sense that it finally disposed of the prosecution as charged in the information before it, but merely suspended sentence, leaving the prosecution undisposed of, and refused to proceed further.

We conclude that relator is entitled to a writ of mandate from this court commanding the superior court for King county and Honorable John S. Jurey, the judge thereof, to set aside the order entered on March 15, 1918, suspending sentence, and proceed to a final disposition of the case other than by a suspension of judgment and sentence.

It is so ordered.

MOUNT and FULLERTON, JJ., concur.