[No. 14724. Department Two. July 3, 1918.]

## THE STATE OF WASHINGTON, *Respondent*, v. PHIL L. AUSTIN, *Appellant*.[1]

INDICTMENT AND INFORMATION—SUFFICIENCY—PRACTICING DENTISTRY WITHOUT LICENSE. An information for practicing dentistry without a license, in the language of the statute, is sufficient without alleging the nature of the disease or lesion or the treatment.

PHYSICIANS AND SURGEONS—PRACTICING WITHOUT LICENSE—SUFFICIENCY. A conviction of practicing dentistry without a license is sustained where the accused had no license and admitted putting medicine on a patient's gums because they were sore.

WITNESSES—CROSS-EXAMINATION—CREDIBILITY. Where defendant, accused of practicing dentistry without a license, testified on cross-examination that he had never done any dental work himself, it is proper as testing his credibility to ask if he had not done dental work for certain named persons.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 15, 1917, upon a trial and conviction of practicing dentistry without a license. Affirmed.

[1]Reported in 173 Pac. 725.

*Howard O. Durk,* for appellant.

*Alfred H. Lundin, Frank P. Helsell,* and *Joseph A. Barto,* for respondent.

MACKINTOSH, J.—The jury found the defendant guilty of practicing dentistry without a license, upon an information which the defendant claims did not state facts sufficient to constitute a crime, and against which the defendant moved for an order requiring it to be made more definite and certain. It is sufficient to say, in passing on these two assignments of error, that the information was substantially the same as that in the case of *State v. Littooy,* 52 Wash. 87, 100 Pac. 170, which was held by this court to be a good information.

The other assignments of error are that there was not sufficient evidence to sustain the verdict, and that error was committed in permitting the prosecuting attorney to cross-examine the defendant with reference to dental work done by him for four or five persons other than the prosecuting witness. An examination of the record shows that the defendant testified on cross-examination as follows:

"Q. Did you rub any brown liquid of any sort on his gums? A. Yes, I think I did. Q. What for? A. Why, on account of being sore. Q. Oh, you were treating his gums? A. They were sore and I just put the brown medicine on."

This was sufficient to sustain the verdict, taken in conjunction with other testimony in the case.

The defendant, while on the stand, testified that he had no license to practice dentistry, and that the actual dental work in his office was performed by licensed dentists in his employ. On cross-examination, the prosecuting attorney asked the defendant if he had ever done any dental work himself. He answered that

he had not. He was then questioned as to whether he had not, as a matter of fact, done dental work for certain named persons. This was proper cross-examination for the purpose of testing the credibility of the witness, and we find no error therein.

The judgment of the lower court will be affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.