[No. 20334.   Department One.   March 7, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. MARL WRAY, *Appellant*.[1]

[1] LARCENY (6)—INDICTMENT AND INFORMATION—SUFFICIENCY. An information for attempted larceny from the "person of John Doe," of "property of an unknown value," under Rem. Comp. Stat., § 2605, is sufficient since it follows substantially the language of the statute and is so worded that a man of common understanding can determine the offense with which he is charged.

[2] CRIMINAL LAW (111)—EVIDENCE—OTHER OFFENSES—INTENT. In a prosecution for attempted larceny, evidence is admissible of other attempts committed at different times, for the purpose of proving defendant's criminal intent.

Appeal from a judgment of the superior court for King county, Ralston, J., entered April 22, 1926, upon a trial and conviction of attempted larceny. Affirmed.

*Fred C. Brown* and *T. D. Page,* for appellant.

*Ewing D. Colvin* and *James M. Bailey,* for respondents.

FRENCH, J.—The appellant was convicted in the lower court of the crime of attempted grand larceny, the charging part of the information being as follows:

"He, said Marl Wray, in the county of King, state of Washington, on the 10th day of January, A. D. 1925, wilfully, unlawfully and feloniously did attempt to take, steal and carry away from the person of John Doe,

[1] Reported in 253 Pac. 801.

whose true name is to the prosecuting attorney unknown, property of an unknown value, the property of John Doe, whose true name is to the prosecuting attorney unknown, with the intent to deprive said John Doe, whose true name is to the prosecuting attorney unknown, thereof.''

The questions urged by appellant are: the sufficiency of the information, and the admission of evidence of like attempts committed prior to the date fixed in the information.

[1]   Rem. Comp. Stat., § 2605 [P. C., § 8948], provides:

''Every person who shall steal or unlawfully obtain, appropriate, bring into this state, buy, sell, receive, conceal or withhold in any manner specified in § 2601—

''(1.)   Property of any value by taking the same from the person of another  . . .   shall be guilty of grand larceny. . . . ''

Rem. Comp. Stat., § 2264 [P. C. § 8699], provides that:

''An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; . . . ''

This court has held in a long line of decisions that a charge following substantially the words of the statute in crimes of this character is sufficient. *State v. Jahns,* 61 Wash. 636, 112 Pac. 747; *State v. Sullivan,* 97 Wash. 639, 166 Pac. 1123; *State v. Austin,* 103 Wash. 63, 173 Pac. 725 .

This court has also adopted the rule that if the facts constituting the crime are so stated in the information that a man of common understanding can determine therefrom the offense with which he is charged, the information will be held sufficient. *State v. Ryan,* 34 Wash. 597, 76 Pac. 90; *State v. Nelson,* 39 Wash. 221,

81 Pac. 721; *State v. Garland,* 65 Wash. 666, 118 Pac. 907.

The charge contained in the above information substantially follows the language of the statute, and certainly under the wording of the information the defendant could have no difficulty in knowing what crime he was charged with. In *State v. Baker,* 69 Wash. 589, 125 Pac. 1016, this court says:

"A comparison of the charge contained in the information with the language of the statute will show that the information follows the language of the statute and charges the defendant with attempting to do the precise things which are recited in the statute as constituting the crime. This is a sufficient charge under the general rules governing criminal pleadings, and convictions for the crime of robbery itself have been sustained by this court where the overt act constituting the crime was charged in language the same as or similar to that used by the pleader in the present instance. (Citing cases).

"If it be a sufficient charge of the overt act constituting the offense when charging the crime of burglary itself to say that the defendant, 'did then and there unlawfully, feloniously and wilfully and with force and violence take from the person of' another certain described personal property the personal property of that other, it ought to be a sufficient charge of the overt act when charging an attempt to commit the crime of burglary to charge the overt act in similar language."

[2] On the second question raised by appellant, namely, that evidence was received of other attempts committed at a different time, the evidence appears to us to have been properly admitted for the purpose of proving defendant's criminal intent. As said in 1 Wharton, Criminal Evidence (10th ed.), p. 146:

"In order to prove purpose and design, evidence of system is relevant; and in order to prove system, collateral and isolated offenses are admissible from which system may be inferred."

This exception to the rule has been recognized by this court many times. *State v. Schuman*, 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A, 633, contains an exhaustive treatise on this subject and the cases are there collected.

Appellant relies on *State v. George*, 79 Wash. 262, 140 Pac. 337. A careful examination will show that the real reason there given for refusing to sustain the information is that it was possible to attempt the crime there charged in many different ways. Some of the expressions in the *George* case seem to be inconsistent with our holding in the present case, and in so far as they are inconsistent they are overruled.

The judgment of the lower court is affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.