[No. 29679. Department One. November 15, 1945.]

*In the Matter of the Application of* JOHN B. VAN WAGNER *for a Writ of Habeas Corpus.*[1]

*H. E. Foster,* for appellant.

[1]Reported in 163 P. (2d) 574.

*The Attorney General* and *R. Paul Tjossem, Assistant,* for respondent.

MILLARD, J.—On January 23, 1945, John B. Van Wagner filed a petition for a writ of *habeas corpus,* in the superior court for Pierce county, seeking his discharge from the custody of the superintendent of the Washington state penitentiary. In his return to the order to show cause why the writ should not issue, respondent superintendent alleged that he held the petitioner in custody by virtue of a judgment and sentence, and a commitment (copy of same is attached to the petition for the writ) issued pursuant thereto by a judge of the superior court of the state of Washington for Pierce county. The judgment and sentence disclose that the petitioner pleaded guilty to the crime of attempted larceny by false and fraudulent representations and was sentenced February 27, 1942, to confinement in the state penitentiary for a term of seven and one-half years. With his return, respondent filed a demurrer to the petition. A hearing on the petition, return, and demurrer resulted in entry by the court of an order and judgment denying the petition and dismissing the proceeding. The petitioner appealed.

It is appellant's position that he was sentenced for the commission of the crime of "attempted larceny by false and fraudulent representations," and, as no such crime exists as an independent crime, the judgment is void, it being prerequisite to a conviction of attempted larceny that the charge be larceny.

The statute (Rem. Rev. Stat., § 2601 [P. P. C. § 117-47]) defines the crime of larceny, and included in the definition is the crime of larceny by false and fraudulent representations. Rem. Rev. Stat., § 2605 [P. P. C. § 117-55] imposes a penalty of not more than fifteen years for larceny of property of the value of more than twenty-five dollars.

An act done with intent to commit a crime and tending but failing to accomplish it is an attempt to commit that crime. Rem. Rev. Stat., § 2264 [P. P. C. § 112-21].

In *State v. Wray*, 142 Wash. 530, 253 Pac. 801, the defendant was convicted of the crime of attempted grand larceny. The information charged that the defendant wilfully, unlawfully, and feloniously attempted to take, steal, and carry away from the person of one whose true name was unknown to the prosecuting attorney, property of an unknown value. We held that the trial court correctly refused to sustain the challenge to the sufficiency of the information; that the charge of attempted larceny from the person of one whose true name was unknown of property of an unknown value, was sufficient, since it followed substantially the language of the statute.

The argument of counsel for appellant that attempted larceny is committed only when actual larceny fails and that the information and judgment must disclose that the party attempting "to accomplish the *corpus* 'was able,' " is without substantial merit. It is a sufficient charge of the overt act constituting the offense when charging the crime of larceny to say that the defendant "did then and there unlawfully and feloniously" deprive another of property. It follows that it is a sufficient charge of the overt act, when charging an attempt to commit the crime of attempted larceny by false and fraudulent representations, to charge the overt act in similar language. See *State v. Baker*, 69 Wash. 589, 125 Pac. 1016.

The charging of an attempt to commit an offense charges a crime. Rem. Rev. Stat., § 2264; *State v. Wray, supra.*

In *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73, the petitioner for a writ of *habeas corpus* had pleaded guilty to an information charging him with burglary in the second degree and robbery. We refused to entertain the petitioner's challenge to the information. We examined the judgment and sentence under which the petitioner was held in custody, and, as same was regular on its face, we refused to inquire into the validity of the information.

The judgment in the case at bar shows on its face that it was rendered in the superior court of this state for Pierce county. We take notice that that is a court of general juris-

diction. The offense with respect to which the petitioner was sentenced is a crime under the sections of the statute cited above. That the court had jurisdiction of the person of the petitioner, is shown by the recital in the judgment that he pleaded guilty to the information. Nothing is lacking to show a judgment regular on its face. It follows, as was held in *In re Grieve, supra,* that when it is shown that a petitioner seeking a writ of *habeas corpus* is being detained by a final judgment fair on its face the inquiry in the *habeas corpus* proceeding ends.

In the courts of this state, the writ of *habeas corpus* cannot be used as a medium to review trial errors. Its authorized use is limited by law to those cases where it appears that the judgment and sentence, by virtue of which the petitioner is held in confinement, is void *on its face.*

The judgment is affirmed.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.